Parker C. J.
delivered the opinion of the Court.* By the report it appears, that the only ground taken for a new trial was the supposed misdirection of the judge to the jury, in stating that the return on the writ by Sawyer was not of itself sufficient evidence of an attachment. It certainly was not, against an officer claiming to have attached the same property.
But it is evident there were other points intended to be taken in relation to the validity of both attachments. The attachment made by the plaintiff'on Saturday was valid, if there was no lawful lien upon the property at that time. He went within view of the hay with his writ, declared that he attached it, and posted a notification to that effect on the barn-door. There was then no person present claiming the possession of the hay.[1] The question then is, whether the defendant Sawyer had before made a lawful attachment, as the return of the writ imports. There is no evidence, apart from his return, of any act done by him. He was seen, on the evening of Saturday, working on a fence between the debtor’s house and barn ; and he told the person offered as a witness, that he had attached the hay and was watching it. This evidence was rejected ; and we think, rightly, as it was only the declaration of the *411 party, unaccompanied by any act tending to show an attachment, and therefore does not come within the exception to the rule which excludes the declaration of parties, as being part of the res gestee.
Nor was his notice to the plaintiff, that he had attached the hay, of any avail, it being given after the plaintiff had made his attachment.

Motion for a new trial overruled.

 See this case explained in Bruce v. Holden, 21 Pick. 190; where it is said that both of the returns were primó, facie evidence of attachment, and that the first in point of time would have prevailed, but for other evidence showing that Sawyer had either failed originally to seize the property or to give publicity to his attachment, or had relinquished his possession.

 See Sanderson v. Edwards, 16 Pick. 146; Duncklee v Falest 5 N Hamp R. 528.